IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## STATE OF TENNESSEE v. JOHN A. CARTER, SR.

**Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1570      J. Randall Wyatt, Jr., Judge**

---

**No. M2001-02490-CCA-R3-CD - Filed February 20, 2003**

---

John A. Carter, Sr., was tried and acquitted of second-degree murder in the Davidson County Criminal Court for the stabbing death of Simon Doig; he was convicted of the lesser-included offense of reckless homicide. At the subsequent sentencing hearing, the trial court imposed a mid-range, three-year sentence. Carter claims in this appeal that the court should have given him a minimum, two-year sentence. Because we find no error in the trial court's sentencing pronouncement, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

C. Dawn Deaner (on appeal), Nashville, Tennessee; and Laura Dykes and Diane House (at hearing), Nashville, Tennessee, for the Appellant, John A. Carter, Sr.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Derrick Scretchen, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The victim, Simon Doig, was killed during an altercation at the defendant's apartment. The victim was a guest of the defendant's roommate and had become involved in a disagreement with the defendant. Apparently, the victim had broken into the defendant's locked bedroom to retrieve some drugs belonging to the victim that the defendant had misappropriated. Believing that his roommate was the one who had broken into his bedroom, the defendant confronted his roommate about the unauthorized entry into his bedroom. He then became involved in a verbal altercation with the victim, during which the defendant demanded that the victim leave the residence. The defendant then physically assaulted the much-smaller victim. According to the state's evidence at trial, the defendant got the better of the victim, who was unable to mount an effective defense.

The defendant claimed that the victim got up from the physical altercation, said that he was going to kill the defendant, vowed that he would be back, and walked toward the door. The defendant apparently believed that the victim might have a weapon in the house or in his vehicle, although the defendant had not seen the victim with one. The defendant went to the kitchen and retrieved a steak knife. The defendant claimed that he returned to the living room, showed the victim the knife, and told him to leave. The victim moved suddenly and, in some manner, was accidentally stabbed.[1] The defendant then followed the victim outside to ensure that he left.

The state's evidence, however, was that the defendant retrieved the steak knife from the kitchen before the victim had any opportunity to get up from the living room floor and attempt to go outside. The defendant's roommate testified that after the victim was stabbed and was outside the house halfway to his car, he said something about getting a gun and returning.

The defendant called 911 and reported the stabbing, and he gave an inculpatory statement to law enforcement officers.

The jury acquitted the defendant of the charged offense of second-degree murder as well as the lesser-included offense of voluntary manslaughter, but it found him guilty of the next-lesser-included offense of reckless homicide.

Thereafter, the court conducted a sentencing hearing, at which neither side offered any witnesses. The state relied on the presentence report, which was the only new evidence received. Following the arguments of counsel, the court sentenced the defendant to a three-year term, seven months of which was to be served in a local confinement facility, followed by the balance of the sentence to be served on probation. The court indicated its amenability to considering an earlier release for the defendant if he completed the Lifelines program offered in the confinement facility in less than seven months.

The defendant has appealed the sentence, claiming that he should have been the beneficiary of a minimum, two-year sentence, rather than the mid-range, three-year sentence imposed. When there is a challenge to the length, range or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* If appellate review reflects the trial court

---

[1]The defendant testified about the victim's movements, and he demonstrated them for the jury. However, the appellate record before us is not entirely clear, in large part because the demonstration was not memorialized for the appellate record. For purposes of our review, the import of the testimony is that the defendant claimed he did not intend to harm the victim and was caught off guard by the victim's sudden, unexpected movement.

properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, after hearing the evidence and arguments, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (Supp. 2002); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In his attack on the trial court's sentencing determination, the defendant claims that the trial court should have applied an additional mitigating factor and should have weighed the mitigating factors more heavily than the sole enhancement factor in order to reach a minimum sentence.

The trial court applied one enhancement factor for the defendant's employment of a deadly weapon during the commission of the offense. *See* Tenn. Code Ann. § 40-35-114(10) (Supp. 2002). The court found three mitigating factors appropriate. These are relative to (1) the defendant's assistance to the authorities following the crime, (2) the unusual circumstances under which the offense was committed, indicating that the defendant likely lacked a sustained intent to violate the law, and (3) the defendant's favorable background, including his work and educational histories and his lack of prior criminal convictions.[2] *See id.* § 40-35-113(10), (11), (13) (1997).

The defendant claims that the court should have applied further mitigation to his sentence because "[s]ubstantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense." *Id.* § 40-35-113(3) (1997). The court made findings that the defendant's conduct was not justified, that the defendant used excessive and deadly force on a much smaller and already subdued victim, and that the extent of the defendant's anger far exceeded that which was reasonable given the facts of the situation. These factual findings are adequately supported by the record, and we cannot find fault with the trial court's rationale in failing to apply mitigating factor (3).

---

[2]The defendant contends that the trial court also found that the sentence should be mitigated based upon the defendant having acted under strong provocation. *See* Tenn. Code Ann. § 40-35-113(2) (1997). However, the record reflects that the court found that this factor did not apply. The defendant acknowledges that the court's application of this factor may be the subject of some dispute. The court announced at first that this factor "probably applies" but having then stated, "I mean, excuse me, I think number two doesn't apply." Also, the court later stated that there were four mitigating factors, when it had made positive findings as to only three. Upon review of the record, we are satisfied that the court did not intend to apply mitigating factor (2).

We are aware of the decision of another panel of this court in *State v. Ballard Eugene Anderson*, No. 03C01-9902-CR-00084 (Tenn. Crim. App., Knoxville, Jan. 26, 2000), upon which the defendant before us places heavy reliance. In that reckless homicide case, which is similar in some respects to the case at bar, a panel of this court found that mitigation factor (3) did apply. *Id.*, slip op. at 11. That case, however, is factually distinguishable. The facts in *Anderson* included the following. "[T]he victim was repeatedly asked to leave the appellant's home and refused to do so. The victim, who was the aggressor, was belligerent; highly intoxicated; drugged; and after the altercation had ceased on at least four occasions, continuously provoked the attack." *Id.* In general, the victim in *Anderson* was more culpable in antagonizing the defendant and escalating the situation which culminated in his death than was the victim in this case. Unlike *Anderson*, the case before us does not compel a finding that "[s]ubstantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense." Tenn. Code Ann. § 40-35-113(3) (1997).

The defendant also contends that the court weighed the single enhancement factor too heavily in comparison with the weight it placed on the mitigating factors. However, the weight afforded the enhancement and mitigating factors is beyond the scope of our review where, as here, the trial court has considered the relevant principles of sentencing and pertinent facts and circumstances, *Ashby*, 823 S.W.2d at 169, and its factual findings are adequately supported by the appellate record, *Fletcher*, 805 S.W.2d at 789.

Again, we distinguish this case from *Ballard Eugene Anderson*, upon which the defendant relies. In *Anderson*, this court reversed the trial court's imposition of a maximum, four-year incarcerative sentence for reckless homicide and imposed a minimum, two-year probated sentence. *Ballard Eugene Anderson*, slip op. at 7-15. However, the appellate panel in that case found the strength of the mitigating evidence presented more compelling than is the less significant mitigating evidence in the instant case. The appropriate sentence is to be determined by the facts and circumstances of the particular case at bar, *see State v. Harkins*, 811 S.W.2d 79, 84 (Tenn. 1991), and the facts of *Anderson*, though similar in some respects, are not identical to the case at bar. Because, as stated above, the lower court's findings are adequately supported by the record, it is beyond the scope of our review to substitute the different result preferred by the defendant. Thus, we affirm the trial court's length-of-sentence determination.

Finally, we are compelled to notice an ambiguity in the judgment form. As entered by the trial court, the judgment form describes the sentence length as "3 years 7 months" but then states in the special conditions, "3 years suspend all but 7 months to serve, after 7 mos dfd @ 100% He will be on 3 yrs prb." The state does not contend on appeal that the length of sentence is greater than three years. Because we believe the court's intent to impose a three-year sentence was clear and because the state does not contend otherwise, we remand for correction of the judgment form to more clearly reflect a total sentence length of three years.

The judgment is, therefore, affirmed, and the case is remanded for correction of ambiguity on the judgment form.

-4-

_____
JAMES CURWOOD WITT, JR., JUDGE